IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRAIG DENISON,

    Plaintiff,

vs.

UPPER CAPTIVA FIRE PROTECTION & RESCUE SERVICE DISTRICT,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CRAIG DENISON ("DENNISON" or "Plaintiff") sues Defendant, UPPER CAPTIVA FIRE PROTECTION & RESCUE SERVICE DISTRICT ("District") and states:

**STATEMENT OF CLAIM**
**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. Defendant UPPER CAPTIVA FIRE PROTECTION & RESCUE SERVICE DISTRICT is a Florida special taxing district that provides fire suppression, fire rescue, and emergency medical services on Upper Captiva Island, Lee County, Florida.

4. District is an "employer" and Plaintiff is an "employee" of District as defined by 29 U.S.C. § 203(d)-(e).

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

7. In or around November 2014, District hired Plaintiff as a part-time firefighter/medic and paid him hourly.

8. In November 2018, District promoted Plaintiff to a full-time "Assistant Chief," paid him a salary, and classified him as exempt from overtime under the FLSA. In doing so, District misclassified Plaintiff because his duties did not satisfy any of the FLSA's overtime exemptions. Plaintiff remains employed in this position to date.

9. Although Plaintiff's title is "Assistant Chief," his primary duties are those central to a firefighter/medic/first responder.

10. As Assistant Chief, Plaintiff worked a scheduled shift with other firefighters/medics/first responders. Plaintiff's regular shift required him to work 48 hours on duty followed by 48 hours off duty.

11. Plaintiff regularly worked more than 53 hours in a 7-day work period and/or more than 212 hours in a 28-day work period.

12. Because District misclassified Plaintiff, District failed to pay Plaintiff overtime despite his regularly working more than 53 hours per week and/or more than 212 hours in 28 days.

13. District's actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

14. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A declaration that District has violated the overtime provisions of 29 U.S.C. § 207;

b. Unpaid overtime compensation;

c. Liquidated damages;

d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

e. Any other relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017